IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Keith R. Sumpter, | ) | |
| | ) | C/A No. 6:12-3643-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| City of Mauldin and | ) | |
| Raymond C. Eubanks, III, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Keith R. Sumpter brought this action alleging discrimination and retaliation claims pursuant to 42 U.S.C. §§ 1981 and 1983; the Age Discrimination in Employment Act ("ADEA"); and Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

Defendants City of Mauldin and Raymond C. Eubanks, III ("Defendants") filed a summary judgment motion. (ECF No. 29). Plaintiff Keith R. Sumpter ("Sumpter") filed a response opposing the motion (ECF No. 30), and Defendants filed a reply (ECF No. 32). On January 30, 2014, the magistrate judge filed a Report and Recommendation recommending Defendants' summary judgment motion be granted. (ECF No. 37).[1] Sumpter timely filed objections on February 18, 2014, (ECF No. 38), and Defendants filed a reply to Sumpter's objections on February 20, 2014 (ECF No. 39).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The court has reviewed Sumpter's objections and finds they are not specific. In his objections, Sumpter simply quotes portions of the Report and states the magistrate judge erred because there are genuine issues of material facts. However, Sumpter does not direct the court to any evidence which would create any genuine issue of material fact. Parties must explain why a magistrate judge's report is in error. Merely objecting without more is insufficient.

After a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report (ECF No. 37) and incorporates it herein. Accordingly, Defendants' Summary Judgment Motion (ECF No. 29) is **GRANTED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 24, 2014